**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>ILAN ROSENBERG, as designee in the proceedings involving the Estates of MARIO BRAND and BERTA RUDOVSKY<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No.  26-Misc-_____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**ILAN ROSENBERG'S *EX PARTE* APPLICATION**
**<u>FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782</u>**

Applicant Ilan Rosenberg, as designee of the Fifth Civil Court in San Juan City, San Juan Province, Republic of Argentina, through undersigned counsel, Plevin & Turner LLP, submits this Memorandum of Law in support of his application for an Order pursuant to 28 U.S.C. § 1782 authorizing discovery from financial institutions located in this district in aid of estate litigation pending in Argentina.

## PRELIMINARY STATEMENT

Applicant submits this Application pursuant to 28 U.S.C. § 1782, seeking an order authorizing discovery of records from certain financial institutions found in this District that are believed to hold or to have previously held savings or investment accounts in the names of now-deceased spouses and Argentinian nationals Mario Brand (also known as Mario Brandt and/or Mario Brant) and Berta Rudovsky, whose estates are the subject of action number 176191/C5-I1 (the "Foreign Proceeding"), pending before the Fifth Civil Court in San Juan City, San Juan Province, Republic of Argentina (the "Argentinian Court").

Mr. Brand passed away on October 12, 1999, and Ms. Rudovsky on August 3, 2005. However, the Foreign Proceedings began in 2021, when certain disputes arose among Mr. Brand's and Ms. Rudovsky's heirs. In 2025, after certain heirs moved for a partition of the estates, the Argenitinian Court was presented with multiple handwritten notes indicating that the decedents held New York-based accounts with Bank Hapoalim (now Safra National Bank of New York), Bank Leumi USA (now Valley National Bank); and Israel Discount Bank (collectively, "Respondents"), each of which is found in this District. Nothing uncovered in the Foreign Proceedings suggests that these accounts were ever closed. The Respondents are not parties to the Foreign Proceedings, and are not located in Argentina, but in the Southern District of New York. Accordingly, on March 2, 2026, the Argentinian Court entered an order

designating and directing Applicant to take all steps necessary to obtain records from Respondents in New York.

The records sought through this Application are necessary for the proper adjudication of the Foreign Proceedings, where the Argentinian Court is attempting to ascertain the universe of assets that comprise Mr. Brand's and Ms. Rudovsky's estates.

## FACTUAL AND PROCEDURAL BACKGROUND

Mario Brand, who was also known as Mario Brand and Mario Brandt, was a prominent businessman in San Juan Province, Argentina. *See* Declaration of Francisco Ricardo Furlotti ("Furlotti Decl.") at ¶¶ 2, 4. Mario Brand and his wife Berta Rudovsky had four children during their marriage: Bernardo Brant, born on August 8, 1950; Abraham Brant, born on May 1, 1952; Manuel Guillermo Brant, born on March 14, 1956; and Ana Elena Brant, born on September 5, 1957. *Id.* at ¶ 5. While the couple's two younger children, Manuel Guillermo and Ana Elena pursued different careers, the two oldest children, Bernardo and Abraham went into the family business. *Id.* at ¶¶ 6-9.

Mario Brand passed away on October 13, 1999, and Berta Rudovsky passed away on August 4, 2005, but no estate proceedings ensued because Argentina has clearly defined succession laws that do not ordinarily require court involvement absent a dispute among heirs. *Id.* at ¶¶ 10-11. Under Argentinian succession laws, Mario Brant and Berta Rudovsky's children all inherited their parents' assets in equal shares by operation of law. *Id.* at ¶ 13. Upon Mario Brant's passing, his and Berta Rudovsky's sons Bernardo and Abraham took over operation the family business in San Juan for the benefit of themselves and their younger siblings. *Id.* at ¶ 14.

Bernardo Brant, the oldest of the decedents' four children, passed away on November 25, 2019, and his children Gisela Ruth Brant and Isaias Gabriel Brant became the successors to

Bernardo's share in Mario Brand and Berta Rudovsky's estate. *Id.* at ¶¶ 15-16. Shortly thereafter, Gisela Ruth and Isaias Gabriel Brant attempted to buy out their uncles' and aunt's interest in the family business. *Id.* at ¶ 17. During those discussions, disputes arose between the heirs concerning the value of Mario Brand and Berta Rudovsky's estate. *Id.* at ¶ 18. One of the material disputes concerned certain handwritten records in Mario Brand's files reflecting the existence of substantial investment accounts with Bank Hapoalim (now Safra National Bank of New York); Bank Leumi USA (now Valley National Bank); and Israel Discount Bank, all located in New York. *Id.* at ¶ 19. As a result of these disputes, on June 30, 2021, Gisela Ruth and Isaias Gabriel Brant initiated the Foreign Proceedings and ultimately requested the partition of the estates in 2025. *Id.* at ¶¶ 20-21.

In the course of the Foreign Proceedings, counsel for Ana Elena Brant submitted to the Argentinian Court Mario Brand's handwritten notes referencing the existence of certain investment accounts in Bank Hapoalim, Bank Leumi USA, and Israel Discount Bank, and requested that the Argentinian Court seek assistance from the courts in New York to uncover (a) whether these accounts existed; (b) whether those accounts remain active; and (c) all activity in those accounts since Mario Brand and Berta Rudovsky's passing. *Id*. at ¶ 22. After concluding that the information sought from the Respondents was necessary to complete the accounting of Mario Brant and Berta Rudovsky's estates, and that this information was unavailable to the courts in Argentina, on March 2, 2026, the Argentinian Court approved Ana Elena Brant's request, and issued a request for assistance designating Ilan Rosenberg as a special agent to undertake all efforts needed to secure the assistance of the courts located in New York in aid of the Foreign Proceedings to obtain evidence from Respondents. *Id.* at ¶¶ 23-24; Declaration of Ilan Rosenberg ("Rosenberg Decl.") at ¶¶ 3-4 and Ex. A thereto.

The Argentinian Court has requested this Court's assistance in securing from Respondents:

a. Confirmation of whether there existed or currently exists any account or financial investment or safe deposit box in the name of "Mario Brand" and/or "Mario Brandt" and/or "Mario Brant" and/or "Berta Rudovsky" as owner, joint owner, beneficiary, administrator and/or authorized signatory;

b. If so, a detail of all movements, including transfers, deposits, withdrawals, and/or any financial investments, along with any record of instructions authorizing those transactions, and the current balance of those account(s); and

c. A copy of any pertinent account agreements, and a list of all persons associated with each account.

Rosenberg Decl. at ¶ 5 and Ex. A thereto.

Respondents are all entities located in this District that are in the business of holding investment accounts in New York City, and processing instructions concerning those accounts from the pertinent accountholders or other authorized persons. Rosenberg Decl. at ¶ 7. Applicant seeks discovery from Respondents, all entities identified by name by the Argentinian Court in the Foreign Proceedings concerning the contractual genesis of any responsive accounts, the movements of those accounts, and the persons authorized to instruct the Respondents to effect those movements, all of which is information Respondents maintain and record in their ordinary course of business. Rosenberg Decl. at ¶ 8. Respondents produce such records routinely and without significant cost or objection, whether as parties themselves or as third parties to litigation. Rosenberg Decl. at ¶ 9.

## ARGUMENT

The Court should grant this Application because Applicant satisfies all statutory prerequisites for relief under 28 U.S.C. § 1782, and the discretionary factors all favor ordering discovery directed to Safra National Bank of New York (as successor of Bank Hapoalim); Valley National Bank (as successor of Bank Leumi USA); and Israel Discount Bank (collectively, "Respondents").

**I.      Applicant Meets All Statutory Requirements for Relief Under 28 U.S.C. § 1782.**

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings," including "assistance in obtaining documentary and other tangible evidence as well as testimony." *Id*. at 247-49.

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal … The order may be made … upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute at issue thus sets forth three requirements, authorizing district courts to grant an application pursuant to 28 U.S.C. §1782 where: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or international tribunal or any interested person. *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). Applicant here meets each of these statutory

6

requirements.

### A.    Respondents Reside in this District.

Applicant meets the first factor under the statute as all Respondents reside in the District, and the discovery sought arises from Respondents' contacts with this District. *In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019) ("where discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery").

Respondents here are all found in the District. Rosenberg Decl. ¶ 7 and Ex. A thereto. Moreover, the discovery seeks information concerning New York-based accounts, and thus directly relates to Respondents' contacts with this District, weighing in favor of granting the application for discovery. *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 332, 346 (S.D.N.Y. 2018), *aff'd*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018). Applicant has thus satisfied the first requirement under § 1782.

### B.    The Discovery Sought Is for Use in a Proceeding in a Foreign Tribunal.

Applicant also meets the second statutory requirement as the information he seeks is intended for use in a foreign proceeding before a foreign tribunal. *Gushlak*, 486 F. App'x at 218-19. Indeed, Applicant is the designee of the Fifth Civil Court in San Juan City, San Juan Province, Republic of Argentina which has specifically requested the records in connection with probate action number 176191/C5-I1. Rosenberg Decl. ¶¶ 3-6 and Ex. A thereto.

### C.    Applicant is an Interested Person.

As the Argentinian Court's designee, Applicant is acting as an agent for and at the direction of a foreign tribunal and is, by definition, an "interested person" who may invoke § 1782. *See ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022) ("district courts can entertain § 1782 requests from foreign or international tribunals or any "interested person").

Applicant therefore clearly meets the third statutory requirement.

## II.    The Supreme Court's *Intel* Factors Strongly Favor Granting Rosenberg's Application

In addition to the statutory prerequisites, the Supreme Court in *Intel* identified a series of non-exclusive factors courts should assess in considering relief under Section 1782, including: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign ... court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264-65 (cleaned up).

As shown below, all factors weigh heavily in favor of the Court exercising its discretion to grant Applicant's request for discovery here.

### A.    Respondents Are Not Parties in the Foreign Proceedings

None of the three banks are parties to the Foreign Proceeding, and the Argentinian Court itself has found the need to issue Letters Rogatory because Respondents are beyond that foreign tribunal's jurisdictional reach. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *see also Heraeus Kulzer GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures").

**B.      Rosenberg's Application Seeks Highly Relevant Information that Will Assist the Foreign Tribunal**

The nature and character of the foreign proceedings and the receptivity of the foreign courts to U.S. federal-court judicial assistance also weigh in favor of this Court granting Applicant's request for discovery.  *See Intel*, 542 U.S. at 264.  Because the Foreign Proceeding— a probate action—involves all assets held by decedents Brand and Rudovsky at the time of their death, as well as the how those assets may have been handled thereafter, any information concerning Mario Brand and Berta Rudovsky's New York-situated assets is critical.  *See*, e.g., *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" considering the "nature and character of the foreign case").  And, of course, having itself made the request, there is no question that the Argentinian Court will be receptive to this Court's assistance.

**C.      The Evidence Has Already Been Ruled Admissible in the Foreign Proceeding**

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts.  *Intel*, 542 U.S. at 260-63.  However, district courts may consider whether an applicant is seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  Id. at 265.

"Absent specific directions to the contrary from a foreign forum, [Section 1782's] underlying policy should generally prompt district courts to provide some form of assistance." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995).  Here, not only are there no restrictions on proof-gathering procedures that would prohibit obtaining the discovery Applicant seeks—the request comes directly from the Argentinian Court.

9

### D.    Discovery Is Narrowly Tailored to Avoid Any Undue Burden

Applicant's proposed discovery requests are narrowly tailored and minimally burdensome.  *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed").  The proposed requests, as set out in the Argentinian Court's letters rogatory, are limited to account operating agreements and statements restricted to two individuals.  The documentary evidence sought is of the type that Respondents regularly and easily maintain, retrieve and produce in the ordinary course of their business, as well as in their capacities as third parties or actual parties to litigation.  The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Respondents.  This factor, too, weighs in favor of ordering discovery.

### E.    Granting Applicant's Request Would Promote Efficient Discovery

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts."  *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (citation omitted).  Here, Section 1782 provides an extremely effective means for obtaining the discovery sought by Applicant.  A single application under Section 1782 will secure everything the Argentinian Court needs in the Foreign Proceeding.  Further, the requested discovery—while not prohibited (as noted above)—is nonetheless unavailable in the Foreign Proceeding, further justifying Applicant's request.

In sum, the *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant the application.

10

## **CONCLUSION**

Applicant Ilan Rosenberg, as designee of the Argentinian Court, seeks narrowly tailored discovery for use in proceedings currently pending in a foreign jurisdiction pursuant to that foreign tribunal's letters rogatory.  Because the request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Applicant respectfully requests that this Court issue the proposed order attached as Exhibit 2, authorizing the issuance of a subpoena in substantially the same form as Exhibit 1.

Dated: May 18, 2026

Respectfully submitted,

 s/ Jacob C. Cohn
Jacob C. Cohn
Plevin & Turner LLP
132 W 31st Street, 9th Floor
New York, NY 10001
(609) 870-3958
jcohn@plevinturner.com